SCARBROUGH et al. v. WHEELER. †
(No. 5399.)

(Court of Civil Appeals of Texas. Austin. Nov. 18, 1914. Rehearing Denied Jan. 6, 1915.)

1. CONTRACTS (§ 335*) — PERFORMANCE — ACTIONS—PLEADING—SUFFICIENCY.

A petition, in an action for compensation for plans for fixtures for a part of a business building, which alleges that defendant accepted the plans drawn by plaintiff, that the plans were satisfactory and complied with the contract, and that defendant found no fault therewith nor made any objection thereto, but failed to install the improvements, states a cause of action as against a demurrer, though the contract required that the services should be to the entire satisfaction of defendant before he should be required to pay therefor.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1664–1676; Dec. Dig. § 335.*]

2. WORK AND LABOR (§ 9*)—CONTRACT—PERFORMANCE.

One who furnishes plans for fixtures and furniture for a part of a business building in compliance with the contract therefor may recover on a quantum meruit for the services rendered on an arbitrary refusal to accept and pay for the plans.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 23–24; Dec. Dig. § 9.*]

3. APPEAL AND ERROR (§ 263*)—QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR—INSTRUCTIONS.

Under Rev. St. 1911, art. 1974, as amended by Acts 33d Leg. c. 59, providing that objections to instructions not made before they are read shall be considered waived, and article 2061, as amended by the same act, providing

that the rulings of the court on instructions shall be deemed approved unless excepted to, errors predicated on the refusal of special charges requested will not be considered, where the record fails to show that any exceptions were reserved to the refusal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. § 263.*]

**4. TRIAL (§ 349*) — INSTRUCTIONS — SPECIAL ISSUES—DISCRETION OF COURT.**

Where the evidence authorizes the submission of the case to the jury, the court may submit it either in a general charge or by special issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 823–827; Dec. Dig. § 349.*]

**5. TRIAL (§ 256*) — INSTRUCTIONS—REQUESTS—NECESSITY.**

Errors of omission in a charge must be cured by special requested instructions, or a party cannot complain.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

**6. APPEAL AND ERROR (§ 1033*)—HARMLESS ERROR—INSTRUCTIONS.**

A party cannot complain of an explanation made by the court of a charge where the explanation is to his advantage.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

**7. APPEAL AND ERROR (§ 1001*)—VERDICT—CONCLUSIVENESS.**

A verdict sustained by evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

**8. CONTRACTS (§ 305*)—SETTLEMENT—FRAUD—MISTAKE.**

A party who pays for services rendered may not, without proving that the settlement was induced by fraud, accident, or mistake, recover damages for defective services.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1398, 1399, 1400, 1463, 1464, 1467–1475; Dec. Dig. § 305.*]

Appeal from District Court, Travis County; Charles A. Wilcox, Judge.

Action by C. A. Wheeler against E. M. Scarbrough and another. From a judgment for plaintiff, defendants appeal. Affirmed.

S. W. Fisher, of Austin, for appellants. White, Cartledge & Graves, of Austin, for appellee.

RICE, J. Appellants, Scarbrough & Hicks, having in process of construction an office building on the corner of Sixth street and Congress avenue adjoining their mercantile establishment then occupied by them in the city of Austin, between Fifth and Sixth streets, fronting on said avenue, the first and second floors of which they intended to devote to a dress goods department, on the 16th of April, 1910, entered into a contract with appellee, a professional designer, to furnish necessary plans of store arrangements, detail drawings and specifications covering all contemplated store furniture and fixtures therefor, and also to take for them estimates from such contractors as they might direct,

to prepare contracts to be signed by them and such contractors, and to faithfully superintend the construction of the work in the factory, as well as the installation of such fixtures and furniture in said building. In consideration of the faithful performance of such services by appellee to "their full and complete satisfaction," they bound themselves to pay him 5 per cent. of the contract price for such fixtures and furniture built under such plans and specifications, 3 per cent. of which was to become due and payable when the contracts were signed by them and such contractors, and 2 per cent. when the work was completed. There were other provisions not necessary to notice. These plans and designs were intended for both the old and new buildings. Appellee furnished certain plans for the new building, which were accepted by appellants and the furniture and fixtures called for therein were manufactured and installed and the work accepted and paid for by appellants, and there is no controversy respecting same, except as claimed in appellants' plea in reconvention. Appellee thereafter prepared and submitted to appellants plans and specifications under said contract for fixtures and furniture for the first and second floors of the old building, and procured bids for the manufacture and installation of said furniture, which were submitted to appellants, and, they having failed to install same, appellee brought this suit against them to recover on a quantum meruit the value of his services therefor, alleging that he had always been ready, able, and willing to award contracts for the construction and installation of said work, and to superintend the same, and had so advised the appellants, but they failed and refused to have said furniture installed, on account of which it was impossible for him to superintend said work of installation; he further alleged that appellants accepted the designs, plans, and specifications which he had drawn and prepared for said old building and that his work was entirely satisfactory to them, and that the same complied in every particluar with the terms of said contract, and that appellants had failed to find any fault or make any objection thereto; but, for some reason unknown to him, had failed to install said improvements. Appellants filed general and special exceptions to the petition, and specially denied that said plans and specifications so furnished were satisfactory to them, and further alleged that appellee voluntarily and without their authority procured bids thereon, and that such bids were excessive, exorbitant, and wholly disproportionate to the benefits to be derived therefrom, and specially denied that they ever accepted said bids or plans for the manufacture and installation of said fixtures. Appellants also filed a plea in reconvention, in which it was claimed that the fixtures and furniture for the new build-

ing for which they had theretofore paid were unsatisfactory and defective, causing them, at considerable expense, to procure other furniture and fixtures, to their damage in the sum of $4,000. The case was submitted upon special issues upon the answers to which judgment in behalf of appellee for the sum of $800 was entered, from which judgment this appeal is taken.

[1] There was no error, we think, in overruling appellants' demurrer to plaintiff's petition. While it is true that the contract required that the services performed should be to the entire and full satisfaction of appellants before they were required to pay therefor, still the petition affirmatively alleges that appellants had accepted the designs, plans, and specifications which were drawn and prepared by appellee, and that the plans and work were entirely satisfactory to said firm, and that the same complied in every particular with the terms of the contract, and that appellants had found no fault therewith, nor made any objection thereto, but for some reason unknown to plaintiff, had failed to install said improvements. If these allegations were true, there could be no question but what liability resulted therefrom. Hence we overrule the first assignment.

[2] The second assignment insists that the court erred in overruling defendants' special exceptions to the fourth paragraph of plaintiff's petition, wherein recovery was sought on a quantum meruit for the actual value of the service performed by him, because, as they contend, under the averments of said petition plaintiff's right to compensation was alone fixed and determined by the provisions of the written contract, and it nowhere appeared in said paragraph of the petition or elsewhere that the plaintiff was called upon to perform, or did perform, any service other than that contemplated by the provisions of the contract. We overrule this assignment, because the petition alleges a compliance with the contract on the part of appellee, and an arbitrary refusal to comply therewith on the part of appellants, for which reason he was entitled to recover on a quantum meruit for the services actually rendered. See Cann v. Rector, 111 Mo. App. 164, 85 S. W. 994; Putman v. Wheeler & Rhodes, 65 Tex. 525.

[3] The third, fourth, fifth, sixth, seventh, and eighth assignments are predicated upon the refusal of the court to give a number of special charges requested by appellant. The record fails to show, however, that any bills of exception were reserved by appellants to the refusal of the court to give either of said charges, for which reason we are not permitted, under the law, to review the errors assigned. See article 1974, R. S. 1911, as amended by Acts 33d Leg. p. 113, also article 2061, as amended by acts of same Legislature (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1974, 2061). See, also, Crow v. Childress, 169 S. W.

927, and authorities there cited; also Gunter v. Merchant et al., 172 S. W. 191, decided by this court November 11, 1914, and Floegge v. Meyer et al., 172 S. W. 194, and Gulf, Colorado & Santa Fé Ry. Co. v. Texas Packing Co., 172 S. W. 195, this day decided by us. Said article 2061 expressly provides that the ruling of the court in giving, refusing, or qualifying instructions to the jury shall be regarded as approved, unless excepted to as provided in the foregoing articles. A failure, therefore, to, except is equivalent to a waiver of all objections on the part of appellants to the refusal to give such charges.

[4] We overrule the ninth assignment, because we think the evidence authorized the submission of the case to the jury, and the court had the right to submit it, either in a general charge or by special issues.

[5] If the charge of the court was defective in the particulars indicated in the tenth and thirteenth assignments, it was an error of omission, and should have been cured by special instructions asked by appellants, which was not done; therefore said assignments are overruled.

[6] The explanation to the court's charge, as complained of in the eleventh assignment was to the advantage, we think, of appellants; they therefore have no right to complain of same, for which reason this assignment is overruled.

What we have said under the third assignment is a sufficient answer to the question raised by the twelfth assignment, for which reason it is unnecessary to further consider it.

[7] Appellants challenge the verdict as being excessive. There is evidence to support it, and as this matter was purely within the province of the jury, we are not disposed to disturb their finding, and therefore overrule the fourteenth assignment.

[8] Appellants' plea in reconvention cannot be maintained, because it appears therefrom that appellee's services in connection with the new building had been accepted and paid for by appellants long prior to the filing of said plea; and there was no allegation that such settlement was induced by fraud, accident, or mistake; hence the court did not err in sustaining appellee's demurrer thereto.

Finding no reversible error in the proceedings of the trial court, its judgment is in all things affirmed.

Affirmed.