## WATSON v. WATSON. (No. 1186.)

(Court of Civil Appeals of Texas. El Paso.
March 10, 1921.)

**1. Witnesses ⬤═159(8)—Defendant incompetent to testify to oral rescission with decedent of contract for sale of land.**

In an action for the specific performance of a contract for the purchase and sale of land, where pending trial plaintiff, the purchaser, died, and his wife, as survivor of the community estate, was substituted as plaintiff and prosecuted the action for benefit of herself and children of the marriage, the vendor is, under Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, incompetent to testify that, after the execution of a deed and payment of part of the purchase money, etc., it was arranged between herself and the decedent, purchaser, that the transaction should be abandoned.

**2. Witnesses ⬤═140(7)—Child and prospective heir of party entitled to testify as to transaction with person since deceased.**

As Vernon's Sayles' Ann. Civ. St. 1914, art. 3688, has removed the common-law disability against testimony by a party in interest, although section 3690 contains exceptions and forbids testimony by party in interest where the opposite party is dead, etc., the daughter of an alleged vendor of land, notwithstanding that she was a prospective heir, may testify as to an arrangement for abandonment of the contract made with the purchaser who had since died.

**3. Trial ⬤═351(5)—Requested special issue as to execution of contract independent of deed covered by issue submitted.**

In an action for specific performance of a contract for the sale of land, where the court submitted the question whether the alleged purchaser had executed any contract, etc., that special issue sufficiently submitted the question whether the parties had executed a contract independent of the deed made by the vendor and the check of the purchaser, which were placed in escrow, so a special issue whether the vendor had executed a written contract was properly refused.

**4. Frauds, statute of ⬤═153—Contention that written agreement did not sufficiently describe land must be specifically pleaded.**

Where defendant, in an action for specific performance, asserted that the agreement was unenforceable under the statute because not in writing, the contention that the description was insufficient is not available unless specifically pleaded.

**5. Appeal and error ⬤═1060(1)—Correct statement of law by counsel, though contrary to charge, not reversible error.**

Where counsel correctly stated the law and what court should have instructed the jury, although the court did not so charge, the error is not reversible.

**6. Trial ⬤═109—Statement by plaintiff's counsel as to what they expected to prove not improper.**

While it is the better practice for the trial court to confine counsel to a statement of the nature of the claim and facts relied on, rather than to a statement of a conclusion counsel might draw, yet as Vernon's Sayles' Ann. Civ. St. 1914, art. 1951, subd. 4, permits the party having the burden of proof to state the nature of his claim or defense in facts relied on, it was not improper in an action for specific performance, where the widow of the plaintiff was substituted in his stead, for plaintiff's counsel to state the existence of the minor children of the marriage, and that defendant refused to consummate the agreement as the result of a conspiracy, there being nothing to show that such statements caused an improper verdict.

Error from District Court, Eastland County; E. A. Hill, Special Judge.

Action by H. L. Watson against Mary R. A. Watson. On suggestion of death of plaintiff pending trial, Meda Watson, his wife, as survivor of the community estate, was substituted as plaintiff. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

S. W. Bishop, of Waco, and J. R. Stubblefield, of Eastland, for plaintiff in error.

Donovan, Nugent & Springer, of Eastland, for defendant in error.

WALTHALL, J. This appeal is prosecuted from a judgment of the district court of Eastland county decreeing specific performance of a contract for the conveyance of real estate. We will refer to the parties as plaintiff and defendant in the relation they stood in the trial court. The suit was originally brought by H. L. Watson against Mary R. A. Watson. Before trial H. L. Watson died. On suggestion of the death of H. L. Watson by his wife, Meda Watson, she, as survivor of the community estate of herself and her deceased husband, was, by order of the court, permitted to prosecute the suit as plaintiff, and as plaintiff she filed an amended original petition, alleging that on or about the 6th day of December, 1917, defendant, Mary R. A. Watson, and H. L. Watson entered into an agreement by which Mary R. A. Watson agreed to sell to H. L. Watson the certain real estate described in the petition, and consisting of about 103 acres of land, situated in Eastland county; that in consideration of the sale of said land H. L. Watson agreed to pay the defendant the sum of $3,000, the sum of $500 to be paid in cash, and one note for the sum of $2,500, due and payable when defendant had furnished H. L. Watson an abstract of title showing clear title in defendant to said land. She alleged that the deed was duly executed by defendant, Mary R. A. Watson, a check for the $500 and the note for $2,500 signed, and by agreement the deed, check, and note placed in the hands of J. G. Bishop, to be deposited by said Bishop in escrow in a certain bank in Gorman, Tex., until the abstract of title was

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

completed showing title in defendant; that instead of placing the deed, check, and note in the bank, said Bishop retained them in his possession, and neglected to place them in the bank in escrow; that on or about the date of entering into the agreement H. L. Watson, with his family, moved on to 'said land; that plaintiff and her children have ever since and at the time of filing her amended petition resided on said land, claiming ownership thereof. Plaintiff alleged that the contract for the sale and purchase of said land was in writing; that she is, and at all times has been, ready, able, and willing to pay the $3,000 upon the delivery of the deed of conveyance and abstract showing title in defendant,' and tendered the $3,000 into court for the use of defendant upon the delivery of the deed. She alleged the ability of defendant at all times to procure the abstract of title, but that defendant had failed and refused to do so; that defendant had entered into a conspiracy with J. G. Bishop and S. W. Bishop to prevent plaintiff from securing title; that the Bishops have advised defendant not to deliver the deed and abstract to plaintiff, and that to prevent the delivery to plaintiff of the said papers J. G. Bishop had kept them in his possession, and was otherwise acting in ' bad faith; that since the filing of this suit defendant leased the said land to one of the Bishops, and in violation of her said agreement with H. L. Watson; that defendant, upon the advice of the Bishops, has refused, and still refuses, to deliver said deed to plaintiff. Plaintiff prayed for specific performance of the contract to convey title, and that defendant be compelled to produce the abstract of title in court, or secondary evidence would be offered as to its contents.

Defendant answered by general demurrer, special exception to the effect that the petition declares upon a verbal agreement to convey land, and. is in violation of the statute of frauds, and is not enforceable; general denial; by special answer alleges that, on date alleged in the petition,

"plaintiff [meaning H. L. Watson] and defendant made and entered into a verbal agreement in which she agreed to convey the defendant [evidently meaning plaintiff, H. L. Watson] certain lands situated in Eastland county, Tex., and described in plaintiff's original petition, for a consideration of $3,000 cash, and at the request of the plaintiff a deed was prepared reciting a $500 cash payment and one note for $2,500, which the plaintiff agreed to have cashed on or before the 1st day of January, 1918, the defendant executing the said deed in accordance with the wishes of the plaintiff, and the plaintiff executed his note for $2,500, together with his personal check for $500, which deed, note, and check were to be placed in escrow with J. G. Bishop until January 1, 1918, at which time the plaintiff was to pay $3,000 cash for said land, or the deed was to be delivered back to the defendant; that the defendant waited until January 1, 1918,

and the plaintiff failed to secure the money in accordance with his said contract, and the defendant continued to wait upon H. L. Watson to secure said money until on or about the 4th day of March, 1918, when she demanded that her said deed so executed by her and held in escrow by J. G. Bishop be delivered back to her; and the plaintiff agreed with her, in the presence of J. G. Bishop, that said deed should be delivered back to the defendant, and he so instructed the said J. G. Bishop to deliver to the defendant the deed and abstract left in escrow with the said Bishop, and agreed to accept the check and note he had left in escrow, but refused to execute a receipt for said note and check to the said J. G. Bishop, and the said Bishop refused to deliver to him the said check and note until such receipt was executed by him, and said deed being delivered to the defendant in the presence of the plaintiff and with his consent."

Defendant denied any responsibility to plaintiff for damages in the transaction, and that said deed was delivered back to her by Bishop, who held same in escrow; denied any responsibility or obligation on the contract for the reason that same was not in writing and was in violation of the statute of frauds. Defendant further pleaded that the land and premises involved were at all times her homestead, and that she was at all times the head of a family and entitled to a homestead. Defendant denied that she ever made any contract in writing to convey said land or acknowledge any agreement to convey ' said land.

Plaintiff, by supplemental petition, denied that the check and note were to be paid on the 1st of January, and traversed the facts pleaded by defendant in bar of the cause of action.

The case was tried with a jury and submitted on special issues.

The jury found in ' response to the three special issues submitted by the court in the general charge:

First, that defendant and H. L. Watson did sign and execute a written contract pertaining to the sale of the land in addition to the note, deed, and check.

Second, that the written contract contained the description of land.

Third, that the deed from defendant to H. L. Watson was not returned to defendant with the agreement and understanding between defendant and H. L. Watson that all negotiations for the sale of any land was thereby terminated.

The court adopted the findings of the jury, and further found that plaintiff had deposited the $3,000 into the registry of the court for the use and benefit of defendant; that defendant was an unmarried woman, and was the owner in her own right of the land in controversy, and had a good and complete right to sell the same; that at the time defendant negotiated the sale of the land she was not the head of the family, nor did she

have a homestead right; that plaintiff has performed every requirement to be performed by her, and had fully complied with the terms of the contract sued upon, and was entitled to have conveyed to her and the heirs of H. L. Watson the land involved and described in the petition, describing same; that each and all of the matters contained in the defendant's answer were untrue, and that plaintiff was, and since the 6th day of December, 1917, had been, in possession of the land in controversy. The court decreed that plaintiff and the children of H. L. Watson were entitled to the possession of the land, and to have the title divested out of the defendant and vested in plaintiff and her children, naming them, and so decreed.

The first assignment is not insisted upon.

[1] The second assignment is directed to the exclusion of the testimony of appellant, Mary R. A. Watson, tending to show a rescission of the contract for the sale of the land in controversy. The proposition thereunder is that the court erred in "excluding the testimony of defendant to the effect that she did not enter into a written contract with Hugh L. Watson to convey to him any lands," and offered to show by the defendant witness that she did not execute a written contract to convey any land to Hugh L. Watson. The proposition is not germane to the assignment, but will be considered. Had she been permitted to testify she would have testified that, subsequent to the time of the execution of the deed by herself to H. L. Watson, there was an agreement between H. L. Watson and herself that the land transaction should be dropped, and that there was an agreement between them that the deed which was executed by her to H. L. Watson should be returned to her, and that the check and note executed by H. L. Watson to her should be returned to H. L. Watson, and that all negotiations in reference to the land should terminate, and that no sale of said land should be made by her to H. L. Watson, and that all mutual obligations as to the sale of the land should thereby end. On objection of appellee the court excluded the evidence.

Appellant had, we think, sufficiently pleaded the facts. The question presented is, could the facts pleaded and stated above be shown by the witness?

The action brought by plaintiff arose out of a transaction between the witness, defendant in the action, had with the decedent, H. L. Watson. The action at the trial was being prosecuted by plaintiff as the survivor of the community estate of herself and the decedent, and for the benefit of herself and the children of herself and decedent. The judgment to be rendered would be for or against defendant and her children and in the capacity in which she sued.

As a party plaintiff suing in her own right, separate and apart from her children, the testimony offered, we think, would be admissible against Mrs. Watson. As against her, suing jointly with the children, the evidence was not admissible. The interest here upon which the recovery is sought is not distinct and severable. The evidence was inadmissible under the statute. There was no error in excluding the evidence. Article 3690, V. S. Texas Civil Statutes; Spencer v. Schell, 107 Tex. 44, 173 S. W. 867.

[2] The third assignment goes to the exclusion of the evidence of Mrs. Omie Dorman, daughter of plaintiff in error. Had she been permitted to testify she would have stated, in effect, that subsequent to January 1, 1918, and subsequent to the time when her mother and H. L. Watson had been engaged in the negotiations in reference to the sale of the land in controversy, that her mother and H. L. Watson agreed between themselves, and so stated in her presence, and in the presence of J. G. Bishop, that J. G. Bishop should return to her mother the deed which had been by her mother executed to H. L. Watson, and that the check and note which had been executed by H. L. Watson to her mother should be returned by J. G. Bishop to H. L. Watson, and that all negotiations in reference to the sale of the land in controversy should thereby be ended, and that H. L. Watson at that time stated that he would release her mother from any obligation to convey to him the land in controversy.

We have concluded that the evidence was improperly excluded. Mrs. Omie Dorman was not a party to the suit. The evidence does not show that she was such party at interest in the subject-matter of the suit as to justify the exclusion of her evidence. Article 3688, V. S. Texas Civil Statutes, removes the bar of the common law which excludes parties from testifying in their own cases, but article 3690 makes certain exceptions. She does not come within the exceptions. As said by the Supreme Court in Newton v. Newton, 77 Tex. 508, 14 S. W. 157:

"It is to be presumed that in extending the exceptions it was intended to name expressly every class of persons who were to be embraced within them, and to leave nothing to implication."

Exceptions to the statute excluding parties from testifying on account of interest will not be extended by judicial construction. Simon v. Middleton, 51 Tex. Civ. App. 531, 112 S. W. 441; Roberts v. Yarboro, 41 Tex. 449. It is insisted that, while Omie Dorman was not a party to the suit, "she was an interested party and heir to this property if her mother defeated the conveyance." Her evidence could not be excluded on such contingency. She had no present interest as heir of her mother's estate. True, her mother was a party to the suit, but witness could not be her mother's heir while her mother was yet alive. Johnson v. Knights of Honor,

53 Ark. 255, 13 S. W. 794, 8 L. R. A. 732. Appellee suggests other grounds for the exclusion of the evidence, but we think none of them are tenable. The fact sought to be established by the evidence was one of the material issues in the case, and the third submitted by the court to the jury in the general charge.

[3] The fourth assignment complains of the court's refusal to give to the jury the following special charge:

"Did Mary R. A. Watson, the defendant, sign and execute any written contract pertaining to the sale of any land?"

We think the court was not in error in refusing to give the requested charge. The issue was sufficiently submitted in the court's first issue submitted to the jury.

[4] The answer to the issue thus tendered, while somewhat evasive, admits that on the day named H. L. Watson and defendant entered into an agreement by which defendant agreed to convey to plaintiff (the record here reads "defendant," evidently meaning H. L. Watson) certain land described in plaintiff's petition, and at the request of plaintiff "a deed was prepared," and that the deed, check, and note were put in escrow. The identity of the land, or its description, or want of sufficient description, was not made an issue in the pleading of either party. If the agreement, as pleaded by plaintiff and defendant, was in writing it was not amenable to the statute.

The fifth assignment is waived.

The sixth assignment claims error in the court's refusal to give her special charge No. 3, which reads:

"In the event that you find that a written contract, other than a deed and note, were actually signed by H. L. Watson and Mary R. A. Watson, and in the further event that you find that said written contract contained a description of land, and only in such two events, you will answer the following question: What was the description of the said land as the same was actually written in said written contract, if any was written in a written contract?"

This assignment presents the same issue as the fourth, and our observation is the same as above. The only issue tendered in the pleading is, Was the agreement in writing?

The seventh assignment is not insisted upon.

The eighth assignment claims error in the court's refusal to instruct a verdict for defendant. Two propositions are presented under this assignment: First, the evidence fails to sufficiently identify the land in controversy; and, second, "the purported contract to convey the land in controversy was too indefinite and uncertain to warrant a judgment for a specific performance of the same." The question of error, in refusing to give the peremptory charge in favor of defendant, is confined by the propositions under the assignment to the want of description of the land in the agreement. The answer admits the execution of the deed, and the description of the land as contained in the deed, but does not question the insufficiency of the description of the land in the deed to convey the title to the land sought to be conveyed by the deed.

As we view the assignment as limited by the propositions thereunder, it presents the same issues as does assignments 4 and 6. The proposition does not indicate in what particular the purported contract "is indefinite and uncertain."

[5] By the ninth and tenth assignments appellant complains of remarks of counsel made to the jury as a misstatement of the law and prejudicial to the rights of appellant. The remarks complained of were: "This vendor's lien note is sufficient to take this case out of the statute of frauds, the case in the appellate court having so held. The court has given the law, and you will be governed by that." And, "Young Bishop took a mineral lease on the land in controversy and paid $418 for the same." The trial court refused to give a special charge instructing the jury not to consider the remarks. As to the first remark counsel for the plaintiff had the court's charge before him, and it was plain to be seen that the court had not so charged the jury. It was improper to make the remark, and we think in all fairness to the defendant, the court should have given the requested instruction. But, under Winnsboro Cotton Oil Co. v. Carson, 185 S. W. 1002, and Ella D. Earl et al. v. Harriet Mundy, 227 S. W. 716, recently decided by this court and not yet [officially] published, the remark, while error, is not reversible error.

As to the second remark complained of, counsel in their brief say that it was not shown on cross-examination of Garland Bishop that he did take a mineral lease on the land in controversy and paid $418 for same, but it is not stated that the fact was not shown by any other witness. The question is not sufficiently clear for us to express any opinion as to whether the remark was error.

[6] The eleventh assignment complains of the action of the court in permitting counsel for plaintiff, over objection, to make a statement to the jury of the facts they expected to establish on the trial, and to the facts stated by counsel, enumerating the facts as stated.

Subdivision No. 4 of article 1951, V. S. Texas Civil Statutes, permits the party upon whom rests the burden of proof on the whole case to state to the jury the nature of his claim or defense and facts relied on in support thereof.

We think it the better practice for the trial court to confine counsel to a statement of the nature of the claim and the facts relied on, rather than to a statement of a conclu-

sion counsel might draw from the facts. Plaintiff had suggested to the court the death of her husband, and was permitted to prosecute the suit for herself and children. While such facts were not such as disclose the nature of plaintiff's claim or cause of action, they were in the case, and the jury evidently knew that plaintiff was a widow and had children. Plaintiff pleaded conspiracy and other efforts of the two Bishops to prevent the consummation of the sale, and of otherwise acting in bad faith in the matter. There is nothing to indicate that the remarks brought about an improper verdict.

What we have said in discussing other assignments indicates the view we entertain as to the twelve assignments, insisting that there is no testimony showing such description of the land and premises in controversy as will entitle plaintiff to a specific performance of the contract. The deed is not found in the record, nor is its contents stated, but the description of the land conveyed is found in the petition, and the answer admits the execution of the deed to the land as verbally agreed, and as described in the petition, and that same was placed in escrow. Again, defendant pleaded "that the land and premises described in plaintiff's petition was and has been the homestead of the defendant," but denied that she ever had "made any contract in writing to convey said land."

We have concluded that the case should be reversed and remanded for the reason pointed out in discussing the third assignment in excluding the evidence of Omie Dorman.

The theory upon which the case was tried in the court below and presented here does not require this court to discuss the question as to whether the deed, check, and note placed in escrow constituted such contract in writing as to take the case out of the statute, and for that reason we have not done so.

Reversed and remanded.