**DAVEY v. COLEMAN et al. (No. 9144.)**

Court of Civil Appeals of Texas. Galveston.
April 26, 1928.

**1. Appeal and error ⚙➞1056(1)—Exclusion of notary's testimony that grantor, as to whose mental condition he testified fully, said she did not want certain relatives to know she was executing deed, held not reversible error.**

Where notary, who took grantor's acknowledgment of royalty deed sought to be canceled for mental incapacity, testified fully as to seeming condition of grantor's mind, conversations between them and attending circumstances generally, exclusion of his testimony as to grantor's statement that she did not want certain of her relatives to know she was executing deed was not reversible error, as such testimony did not pertain to execution of deed and hence could have added little.

**2. Appeal and error ⚙➞1058(3)—Exclusion of testimony exactly same as that of another witness for appellant held not reversible error.**

In suit to cancel royalty deed for mental incapacity, exclusion of notary's testimony as to grantor's statement that she did not want certain relatives to know she was executing deed *held* not reversible error, where defendant introduced precisely same testimony of his own witness.

**3. Mines and minerals ⚙➞79(7)—Evidence held to support verdict of mental incapacity invalidating royalty deed.**

In suit to cancel a royalty deed, testimony of family physician and other witnesses that grantor was over 80 years old, physically very weak and slowly dying of Bright's disease when deed was executed, and that she was then practically in a state of coma and could not understand nature of act, *held* to support verdict of mental incapacity invalidating deed.

**4. Evidence ⚙➞99—Proof that one not connected with suit acquired interest of, and reconveyed portion without consideration to, plaintiff before latter testified, held inadmissible as referring to res inter alios acta.**

In suit to cancel royalty deed, proof that one who was not a party to suit, did not testify, and was not shown to have had any connection with suit, acquired before trial all interest in minerals of plaintiff, called as witness by defendant and testifying to matters prejudicial to latter on cross-examination, and reconveyed portion of them to such plaintiff without consideration before he testified, *held* inadmissible as referring to res inter alios acta.

**5. Witnesses ⚙➞139(3)—Father of children whose mother predeceased her mother held properly permitted to take nonsuit and testify as to latter's mental incapacity to execute royalty deed.**

Plaintiff shown to have had no interest in surface of, or minerals underlying, land conveyed by royalty deed sought to be canceled, and to have married grantor's daughter, who died leaving children by him long before her parents' death, so that such children inherited grantor's interest direct from her on her death, *held* properly permitted to take nonsuit and testify, as one without interest, that grantor was mentally incapable on date of deed, after testifying as plaintiff in behalf of all plaintiffs.

Appeal from District Court, Anderson County; Ben F. Dent, Judge.

Consolidated suits by William Coleman and others against M. A. Davey. Judgment for plaintiffs, and defendant appeals. Affirmed.

J. D. Pickett, of Palestine, for appellant.

G. O. Crisp and Angus G. Wynne, both of Kaufman, E. V. Swift, of Palestine, and Wynne & Wynne, of Kaufman, for appellees.

GRAVES, J. The appellees, as heirs of Ellen McCray, by separate suits that were afterwards consolidated sued the appellant herein for the cancellation of two instruments executed and delivered to him by Ellen McCray, affecting 258 acres of land in the John Albright survey in Anderson county, the one being a lease dated in March of 1925, conveying to appellant seven-eighths of the minerals upon the land, the other being a royalty deed, dated October 15, 1926, conveying to him an undivided one-half interest in the mineral royalty appurtenant thereto, upon the alleged ground that Ellen McCray at the time was old, feeble, and totally without mind; that she was afflicted with Bright's disease and other ailments that rendered her incapable of understanding the nature of her acts or of attending to any business.

At the conclusion of the testimony it was agreed that the lease was valid, but the court submitted the issue of mental capacity as affecting the deed to the jury in this question:

"Do you find from a preponderance of the evidence that at the time the royalty deed to M. A. Davey was executed by Ellen McCray on October 15, 1926, that she, the said Ellen McCray, was mentally incapable of understanding the nature and consequence of her act?"

On the return of an affirmative answer, judgment went for the appellees, and appellant protests against it through this appeal.

In support of the appeal, these propositions are presented:

(1) "It was reversible error for the trial court to exclude from the jury the evidence of the notary who took grantor's acknowledgment to the effect that, while in the act of executing the deed, grantor stated that she did not want certain of her relatives to know she was executing said deed, because she feared they would annoy her about the money she received therefor."

(2) "The finding by the jury of mental incapacity is not supported by, but is against the great weight and preponderance of the evidence to such a degree as to constitute a manifest injustice."

(3) "The plaintiff Robert Parks having been called as a witness by the defendant, and on

cross-examination by plaintiffs' counsel having surprised defendant by testifying to matters prejudicial to defendant, it was reversible error for the trial court to refuse to permit defendant to make oral and record proof that one C. R. Emerson had several months before the trial of said cause acquired all the interest of said plaintiff in the minerals under the land in question, and that on the day said cause went to trial and before said plaintiff had testified as a witness in the case that the said Emerson had, to the knowledge of said plaintiff, and without any consideration therefor, executed and delivered to said plaintiff a reconveyance of a portion of said minerals."

(4) The court committed reversible error: (a) In dismissing the suit as to plaintiff William Coleman on appellees' motion, and then permitting him to testify that the grantor was mentally incapable on the date of the royalty deed, after he had before testified as a plaintiff in behalf of all the plaintiffs; (b) in permitting plaintiff William Coleman to testify to numerous transactions with and statements by Ellen McCray, deceased, same being material to the issues involved.

We conclude that none of these contentions should be sustained.

[1] 1. The notary who took Ellen McCray's acknowledgment to the royalty deed involved was Mr. Edgeworth, a regular employee of the appellant; he was permitted to fully testify as to the seeming condition of her mind, to detail at length the greetings and conversations between them, and the attending circumstances generally.

In the face of this full testimony from him relative to the only issue in the case, the mental capacity of the grantor at the time, the excluded matter could have added little if anything, since it did not pertain to the execution of the instrument, but only as to whether she wanted any of the plaintiffs other than Robert Parks, Isom Johnson, and Laura Johnson to know she was executing the mineral deed.

[2] Furthermore, it would at most only have been cumulative, since appellant introduced precisely the same testimony from his own witness, Robert Parks, as follows:

"Yes, sir; there was something said in that conversation between me and Aunt Ellen on that day with reference to keeping it a secret from any one, the rest of them. She told me in chance I sold any of it she didn't want me to tell any of the rest of the children. She didn't care for Isom and Laura knowing it, but the rest of them, she didn't care for them to know it."

[3] 2. We are unable to agree that the verdict either lacked support, in or was against the weight of the evidence; upon the contrary, the testimony of the family physician, along with that of other witnesses, demonstrated that at the time the deed was executed the grantor was over 80 years of age and physically very weak, in fact was then slowly dying of Bright's disease, having been confined to her bed with it for many weeks; it further reasonably tended to indicate that her mind had by that time become affected to the extent that she was practically in a state of coma and could not understand the nature of her act.

[4] 3. Emerson was not a party to the suit, did not testify, nor was he shown to have had any connection with it; the proof tendered in this connection therefore had reference to res inter alios acta, and was not admissible. Furthermore, the claim for surprise from the testimony of appellant's witness, Robert Parks, seems not sustained, in view of the testimony as a whole, including his own.

[5] 4. (a and b) A complete answer to these propositions lies in the fact that William Coleman was undisputedly shown to have no interest in the land either as concerned the surface or the underlying minerals, that he had married one of the daughters of Ellen McCray, who had died leaving children by him many years before the deaths of her father and mother, and that therefore, upon the subsequent death of Ellen McCray, these grandchildren of hers inherited their interest in her lands direct from her.

On the coming in of these facts at the beginning of this trial, it was permissible for the court to permit him to retire by nonsuit and to testify in the way he did as one having no interest. Watson v. Watson (Tex. Civ. App.) 229 S. W. 901; Armstrong v. Burt (Tex. Civ. App.) 138 S. W. 175; Oaks v. West (Tex. Civ. App.) 64 S. W. 1036; Mayfield v. Robinson, 22 Tex. Civ. App. 385, 55 S. W. 400; Kahler v. Carruthers, 18 Tex. Civ. App. 216, 45 S. W. 163.

These conclusions require an affirmance of the judgment; it has been so ordered.

Affirmed.