## STEVENS v. WILSON et al. (No. 3699.)

Court of Civil Appeals of Texas. Texarkana.
May 23, 1929.

Rehearing Denied June 6, 1929.

C. Huggins, of Sherman, for appellant.
Cunningham & Lipscomb, of Bonham, for appellees.

WILLSON, C. J. (after stating the case as above). ■ Appellant insists it conclusively appeared from the evidence that Lamm was authorized to act for appellees in making the notes sued upon, and that the trial court therefore erred when he refused to instruct the jury to return a verdict in his (appellant's) favor and submitted to the jury

an issue as to whether Lamm had such authority or not. It appeared that in their business as house furnishers and undertakers appellees dealt in "furniture, caskets, paint, oil heaters, cook-stoves and the like." They had never dealt in radio sets. There was evidence that Lamm had charge of appellees' store at Blue Ridge and was authorized to buy what witnesses described as "fill in stuff" and "replacements of depleted stock." There was evidence that he was without authority to buy radio sets or other articles appellees "had not been handling before." There was evidence that radio sets were "somewhat of a kindred line to the furniture business" and "found a natural sale in such stores," and further that it was "a general trade custom in the Blue Ridge section for furniture stores to handle radios"; but there was also evidence to the contrary. There being evidence as stated, it is plain, we think, it did not conclusively appear that Lamm had authority, either express or implied, to act for appellees in buying the radio sets and in making the notes sued upon. 2 C. J. 576 et seq.

Whether the evidence warranted a finding that appellees held Lamm out as having the authority he undertook to exercise and therefore were estopped from denying he possessed such authority (2 C. J. 570 et seq.) will not be determined, for appellant did not request the court to submit, and the court did not submit, such an issue to the jury. That being true, appellant is in the attitude of having waived the right he may have had to insist that appellees were estopped from denying authority in Lamm to make the notes. Article 2190, R. S. 1925; Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084; Alexander v. Tile Co. (Tex. Civ. App.) 4 S.W.(2d) 236; Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631; Sewell v. Mill Co. (Tex. Civ. App.) 253 S. W. 892; Newberry v. Johnson (Tex. Civ. App.) 274 S. W. 667.

It is insisted it was error to submit the question the court did submit "without (quoting) properly informing the jury, for their guidance, as to the law by which the defendants are bound under the developed facts of the case." If the action of the court was erroneous as claimed, appellant has no right to complain of it here, for he did not request the court to further instruct the jury. Article 2186, R. S. 1925; Thompson v. Van Natta (Tex. Civ. App.) 277 S. W. 711; Ritz v. Bank (Tex. Civ. App.) 234 S. W. 425; Green v. Hoppe (Tex. Civ. App.) 175 S. W. 1117; Scarbrough v. Wheeler (Tex. Civ. App.) 172 S. W. 196; Bryning v. Ry. Co. (Tex. Civ. App.) 167 S. W. 826.

The judgment should not be reversed for the error of the court, if it was error, in excluding testimony of the witnesses Tatum and others that "phonographs and radios (quoting) are somewhat of a kindred line to the furniture business and find a natural sale in such (furniture) stores," and that it was "a general trade custom in this (the Blue Ridge) section for furniture stores to handle radios." The excluded testimony was merely cumulative of the testimony of the witnesses Knight and Todd. Rule 62a for the government of Courts of Civil Appeals; Nesbit v. Richardson (Tex. Civ. App.) 229 S. W. 595; Davey v. Coleman (Tex. Civ. App.) 6 S.W.(2d) 227.

Error requiring a reversal of the judgment not having been shown, it is affirmed.