## COON v. EWING. (No. 1128.)*

(Court of Civil Appeals of Texas. Beaumont. June 10, 1925. Rehearing Denied June 24, 1925.)

**1. Attorney and client ⊃143—Contract for additional compensation for service in which already employed generally invalid.**

Contract, made by attorney and client after relation is established, for additional compensation for service in which employed, is invalid, in absence of peculiar facts taking case out of general rule.

**2. Attorney and client ⊃166(1)—Attorney must show that contract, made after relation is established, for additional compensation, is just, reasonable, supported by adequate consideration, and freely made by client.**

Burden is on attorney, suing client for additional compensation under contract made after establishment of relation, to show that contract is just, fair, reasonable, and supported by adequate consideration, and was freely made by client.

**3. Contracts ⊃75(2)—Agreement to perform act already contracted to be done not consideration for agreement to pay additional compensation.**

Party's agreement to perform act he is already contractually obligated to perform is not legal consideration for agreement to pay additional compensation.

**4. Attorney and client ⊃143—May make new contract for additional compensation, in absence of fraud or undue influence.**

Attorney and client may abrogate contract and make new contract for additional compensation, in absence of fraud or undue influence.

**5. Attorney and client ⊃143—Attorney held entitled to additional compensation under new contract for services in defending suit involving greater difficulties than originally represented.**

Attorney misled and induced to accept stated fee by representation, recklessly made without knowledge of facts, or mistakenly made as opinion, by client's leading attorney, that there was no real controversy over fact that much greater part of value claimed by plaintiffs in action against client to try title to oil land and recover value of oil extracted therefrom was in adjoining survey, held entitled to recover additional compensation for assisting in defense, under contract made on eve of trial, if reasonable, just, and fair to client, no undue advantage was taken of him, and he was fully advised by leading attorney and fully understood his rights in making it, though jury found that leading attorney did not make such false representation as a fact.

**6. Appeal and error ⊃930(3)—Fact finding, warranted by evidence and involved in support of judgment, imputed to trial judge.**

Under Rev. St. art. 1985, fact finding, warranted by evidence and involved in support of judgment, will be imputed to trial judge, where submission of issue to jury for specific finding was not requested.

**7. Attorney and client ⊃166(1)—Finding that agreement for additional compensation was fair and reasonable, and made freely and understandingly by client, held warranted by evidence.**

Evidence that matter of additional compensation to assistant attorney was discussed freely and fully between him, client, and latter's leading attorney, and that latter fully advised client, held to sufficiently discharge burden on assistant attorney to show that agreement, made on eve of trial, to pay additional compensation, was fair, reasonable, and just to, and made freely and understandingly by, client.

**8. Attorney and client ⊃143—Contract to pay additional compensation for services not originally contemplated held supported by sufficient consideration.**

Reasonable, just, and fair agreement, understandingly made by client, with advice and consent of his leading attorney, to pay additional compensation for services of attorney theretofore employed to assist in defense of suit, involving difficulties and burdens much greater and more onerous than contemplated at time of original contract of employment, held supported by sufficient legal consideration.

**9. Attorney and client ⊃166(1)—Attorney's letters to client's leading attorney held admissible in suit for additional compensation to refute allegations of bad faith and refusal to render appellate services.**

In attorney's suit against client on contract, made after establishment of relation, to pay additional compensation, letters from plaintiff to defendant's leading attorney, after trial and appeal in suit, in defense of which plaintiff was employed to assist, held admissible as tending to refute allegations of plaintiff's bad faith and motives and refusal to render appellate services as agreed.

**10. Evidence ⊃351—Entry in attorney's record book held admissible in action against client on new contract for additional compensation.**

Entry, made by attorney in regular course of his business as office record, in book regularly and correctly kept by him in his office, stating that he received from client and gave credit for certain amount, and that balance of fee would be paid after suit was finally disposed of favorably to client by appellate courts, held admissible in suit for additional compensation under new contract made on eve of trial.

**11. Appeal and error ⊃1050(1)—Admission of entry in attorney's record book held not prejudicial to client.**

Admission of entry in attorney's record book, stating that he received certain amount from client, and that balance of fee would be paid after final disposition of suit favorably to client by appellate courts, held not prejudicial to client's rights, in suit on contract made on eve of trial for additional compensation.

**12. Appeal and error ⊃181—Contentions, relating to no assignment of error, need not be considered.**

Contentions, relating to no assignment of error on trial, need not be considered.

---

⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction November 18, 1925.

**13. Pleading** ⬖═══53(1), 369(1)—**Plaintiff need not elect between counts setting forth inconsistent causes of action.**

Plaintiff may set forth as many inconsistent causes of action in different counts as he wishes, if each is consistent within itself, and ordinarily may go to court or jury on all of them, unless he wishes to elect, or should be required to do so, because of peculiar facts of case, and adversary takes advantage of such right.

**14. Appeal and error** ⬖═══236(2)—**Judgment on count, alleging express contract, held not fundamental error, available to defendant not requesting election between that and· count on quantum meruit.**

Judgment on count of petition, alleging express contract to pay additional compensation for legal services, *held* not fundamental error, available to client not requesting that plaintiff be required·to elect between that and separate count on quantum meruit, or objecting to failure to do so.

**15. Pleading** ⬖═══369(6)—**Attorney held not to have elected to recover on quantum meruit, so as to preclude judgment on express contract.**

Attorney *held* not to have·elected to recover compensation from client on quantum meruit, so as to preclude judgment on express contract pleaded in separate count.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by Presley K. Ewing against R. S. Coon. Judgment for plaintiff, and defendant appeals. Affirmed.

Huggins, Kayser & Liddell, of Houston, for appellant.

Sam Streetman, Ewing Werlein, and Presley K. Ewing, all of Houston, for appellee.

HIGHTOWER, C. J. The appellee, Ewing, an attorney at law, brought this suit against appellant, Coon, to recover compensation for legal services furnished appellant in connection with a certain suit in the district court of Brazoria county, styled Lyne and Others v. Coon and Others, which, for brevity, will be referred to as the "Lyne suit." The appellee's petition contained two counts, the first for quantum meruit, under which appellee claimed $15,000, and the other set up an express verbal contract, under which appellee claimed and prayed in the alternative for $2,500, and legal interest thereon. Appellee's petition was quite lengthy, but, as no question of pleading is involved in this appeal, it will suffice to state briefly the substance of its allegations as contained in the second count, upon which the judgment is based. These allegations were: That on or about the 26th day of August, 1920, appellant, acting by and through his duly authorized agent, J. V. Meek, who was also an attorney at law, engaged and employed appellee, as an attorney and counselor at law, to assist Mr. Meek, who was then the leading

attorney for appellant in the Lyne suit then pending; that the Lyne suit was an action of trespass to try title, in which the plaintiffs, Lyne and others, were seeking recovery of the title and possession, as against the defendants, Coon and others, of about 2½ acres of land, which was in proven oil-bearing territory, and was of great value, and that the plaintiffs in that suit were also seeking to recover against defendants, Coon and others, an amount of money approximating $1,000,-000, that being the value of oil·which the plaintiffs claimed ·Coon, as one of the joint trespassers, had extracted from'the 2½ acres of land; that appellee asked Mr. Meek to say what he thought a reasonable fee for appellee's services in the Lyne suit would be, and that Mr. Meek replied that $2,500 would be a reasonable fee; that Mr. Meek stated and represented that although the plaintiffs in the Lyne suit, by their petition, were claiming that the oil, the value of which they were seeking to recover, was extracted from the 2½ acres of land involved, as a matter of fact, by far the greater portion of the oil they claimed was extracted from another and different survey, which was not claimed by the plaintiffs at all, and that such fact would be easily established upon the trial, and that there would be no real or serious controversy in that connection, and that there would be no real or serious boundary question in the case when reached for trial; that appellee believed such statements and representations made to him by Mr. Meek, and thereupon, in good faith, agreed to assist him in the defense of appellant in the Lyne suit for a fee of $2,500, to be paid by appellant for trial court services, one-half of which amount was to be paid in cash at that time, and the remainder to be paid when the case was called for trial.

Appellee further alleged that upon being employed by appellant, through Mr. Meek as above stated, he at once began the preparation of appellant's defense of the Lyne suit, by acquainting himself with the legal questions involved and the preparation of defensive pleadings, while Mr. Meek was to look after the evidence in behalf of the defense; that, in making such preparation for trial, appellee expended much labor and consumed much time, and continued to do so up to the date of the trial; that upon arriving in Angleton, in Brazoria county, on the day before the trial was to be commenced, appellee learned for the first time that the representations made to him by Mr. Meek, as to the value of the oil involved in the suit, and that no serious boundary controversy would be involved, were not true, but that, on the contrary, such statements and representations were false, or were recklessly made by Mr. Meek, without a knowledge of their truth, or were mistakenly made by him, and that in either event appellee was misled, by such

---

⬖═══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

statements and representations, into accepting employment as assistant attorney to Mr. Meek for a fee of $2,500, and that he would not have done so but for such statements and representations on the part of Mr. Meek; that, in fact, the plaintiffs in the Lyne Case, who had reached a settlement by agreement with all the defendants except defendant Coon, were prepared to make and would make and did make a serious and stubborn boundary question in the Lyne Case, in addition to several other hotly contested and intricate issues, and that the plaintiffs were making and would continue to make and did make serious and determined effort to recover against defendant Coon the value of the oil alleged by them to have been extracted from the land involved, thereby making the defense of that suit much more burdensome and calling for much more labor and skill on appellee's part than was contemplated when he agreed on the fee of $2,500; that thereupon he at once sought Mr. Meek, who was then at Angleton, and stated to him that he had misrepresented to appellee the character and magnitude of the controversy as raised by the boundary issue and the values involved, and that he thought the compensation for his services should be materially increased, and that he would not have agreed on the fee of $2,500 had he known the real character and magnitude of the controversy; that thereupon a conference was had between appellee, Mr. Meek, and Mr. Coon, who was at Angleton for the trial, and that it was then agreed between them all that appellee's compensation should be increased by $2,500 for trial court services; the payment of which was to be contingent, however, upon Coon's winning the suit and getting an amount of money approximating $200,000 that was then in the hands of the Humble Oil Company and being withheld from him by that company because of the pendency of the suit; that the agreement for increased compensation was reasonable, just, and fair to Mr. Coon, and was made freely and with full understanding on his part, and after full explanation and advice by his leading attorney, Mr. Meek; that thereupon the suit proceeded to trial, which was prolonged for a week or more, and finally resulted in a jury's verdict in favor of defendant Coon, upon which judgment was rendered by the court in his favor for the land involved and also for the money that had been withheld by the Humble Oil Company; that, after the motion for a new trial was heard and overruled, the plaintiffs in the Lyne suit prosecuted an appeal, but that the trial court's judgment was in all things affirmed, and that defendant Coon obtained from the Humble Oil Company the money withheld by it, amounting to $182,000, but that, after doing so, he refused to pay appellee the increased compensation agreed upon, or any part thereof.

The prayer was for recovery, first, upon the quantum meruit count, and, in the alternative, upon the express verbal contract for additional compensation as set up in the second count. The appellant's answer in this suit consisted of a general demurrer, a number of special exceptions, none of which are before us, a general denial, and he then specially pleaded as follows:

"Specially answering, the defendant says that he employed plaintiff as an attorney in the matter of Lyne v. Coon upon express contract, whereby the services were to be rendered by the plaintiff to defendant for the total sum of $2,500, one-half of same being paid at the time of the employment and the remainder to be paid after the trial; that during the trial, notwithstanding his contract, plaintiff demanded of the defendant the remainder of the fee, which defendant then and there paid the plaintiff in cash; that later during the trial of the cause, and at a critical point therein, and at a time when it was impossible for defendant to arrange for an attorney to take the place of plaintiff in the trial, the plaintiff, notwithstanding his contract with defendant, as above stated, further demanded of the defendant a further and additional fee, whereupon the defendant, in substance, stated to plaintiff that, if he (plaintiff) would go ahead and get the money involved in this suit, he (the defendant) would then give him $2,500, to which plaintiff agreed; that, by the terms of such agreement, plaintiff became bound and obligated to carry such case to final and successful conclusion before he would be entitled to any additional compensation from defendant; that after the conclusion of the trial, and after the case had been appealed to the Court of Civil Appeals at Galveston and briefs had been prepared and filed for the appellant, the said W. C. Lyne, and the time for the submission of the cause had so nearly approached that it seemed well-nigh impossible for defendant to arrange for an attorney to take the place of plaintiff to prepare briefs for appellee and otherwise represent him in such appeal, the plaintiff made levy upon this situation to demand of defendant, and did demand of defendant, that he then be paid in cash the sum of $2,500, upon pain of abandoning further representation, and plaintiff did then and there decline to perform further services in behalf of defendant in said cause unless the defendant would then and there pay him said sum of $2,500 in cash, notwithstanding his contracts and agreements hereinbefore set forth, but the defendant declined to pay said sum of $2,500, and, at great risk of injury to his case in its then status, employed other attorneys to take the place of plaintiff as further representing defendant in said cause; that plaintiff did not thereafter perform any services whatever in said cause under any contract with this defendant, express or implied, or under any circumstances, which would entitle plaintiff to receive or collect from defendant any sum whatever."

By supplemental petition, appellee, after denying generally the material allegations of fact contained in appellant's answer, further pleaded estoppel against appellant to refuse payment of the additional $2,500, alleging that appellee, while thinking himself entitled to further compensation for appellate servic-

es, had, in fact, never refused to perform such services as would be required of him as assistant attorney in that behalf to the leading attorney, Mr. Meek, but had expressly offered to perform such, and had later performed sundry services in that behalf, under belief, as appellant knew, that his right to such $2,500 was not disputed, doing so with the knowledge, approval, and acquiescence of the appellant, and that the appellant, fraudulently acting, while accepting the benefit of such services, had concealed from appellee the material fact, which he knew was unknown to plaintiff, that it was his intent and purpose not to make such payment to appellee, continuing such deception until he had actually gotten the money into his hands, withheld from him by the Lyne-Coon suit, and that such conduct was reasonably calculated to produce upon appellee's mind, and had produced upon it, the distinct mental impression and belief that said $2,500 would be paid to him when appellant got said money, but such representation so made was false, in that defendant did not then intend to make such payment as so represented, but employed such acts and conduct merely as a means to deceive appellee into the belief of getting such $2,500, as expected, whereby he was induced to perform such appellate services, of which appellant retained and got the benefit, and the fruits of which he appropriated to himself, from plaintiff's skill and labor, in that behalf, so that it would work a fraud upon appellee if appellant were now allowed to deny appellee's right of recovery as concerning said $2,500 alternately sued for.

The case, being tried with a jury, was submitted upon six special issues; the first special issue being:

"In the course of the negotiations with plaintiff for his employment in the Lyne-Coon suit, did Mr. Meek, acting for defendant, falsely represent to plaintiff as a fact, and not as his opinion in order to induce plaintiff to accept employment in the case for $2,500, in substance, that there was no controversy, none that was real or actual, over the fact that much the greater part, or the greater part of the amount or value claimed by the plaintiffs in such suit, was, in or from the Varner, an adjoining survey in which the plaintiffs had no interest?"

To this issue the jury answered, "No."

The next special issue became immaterial, by reason of the jury's answer to the first. The third special issue was as follows:

"Did the second agreement entered into between plaintiff and defendant (that is to say, the one entered into after they had gone to Angleton) include compensation for services in the event of an appeal?"

To this issue the jury answered, "No."

Special issue No. 4 was:

"Did the plaintiff refuse to proceed with the preparation of the brief in the case of Lyne v. Coon unless paid additional fee for such work?"

To this issue the jury answered, "No."

Special issue No. 5. became immaterial because of the jury's answer to special issue No. 4. Special issue No. 6 was as follows:

"What was the reasonable value of plaintiff's entire services as attorney for defendant in the district court in said suit?"

To this issue the jury answered, "$5,000."

Upon this verdict, the trial court rendered judgment in favor of appellee, Ewing, for $2,587.50, with interest on that amount from the date of judgment at the legal rate, and from that judgment this appeal has been prosecuted.

[1-3] The able counsel for appellant contend, in their brief, that the jury's answer to the first special issue, as we have stated it, and the undisputed evidence adduced upon the trial, bring this case squarely within three legal propositions, which they advance for reversal of the judgment. These propositions are: (1) A contract made by an attorney with his client, after the relationship is established, for additional compensation, for the service in which the attorney is employed, is invalid, unless peculiar facts are alleged and proved which take the case out of the general rule. (2) In a suit by an attorney against his client, on a contract made after the relationship is established, the burden is on the attorney to show that the contract is just, fair, reasonable, supported by adequate consideration, and freely entered into by the client, before he is entitled to recover. (3) An agreement on the part of one party to perform an act which he is already under contractual obligations to perform is not a consideration in law, and will not support an agreement to pay additional compensation.

Let it be conceded at once, as it must be, that each of the above legal propositions is eminently sound, as has been frequently announced by the appellate courts of this and other jurisdictions. The first proposition was announced by Justice Stayton, in the case of Waterbury v. City of Laredo, 68 Tex. 565, 5 S. W. 81. It was there said:

"The rule which denies to an attorney the right to make an agreement with his client after an employment in a particular business, by which the contract is so raised as to secure greater compensation to the former than was first agreed upon, is wholesome, and has its foundation in principles adopted to secure clients against imposition, * * * preserve the purity of the bar and to accomplish the ends of justice, and it ought not to be departed from, unless in some case peculiar in its facts."

[4] These remarks by Judge Stayton were quoted with approval in Kahle v. Plummer (Tex. Civ. App.) 74 S. W. 786. An attorney and his client have the legal right, however, to abrogate an original contract of employment and to enter into a new contract, by

which the client obligates himself to pay additional or increased compensation for the attorney's services, where there is no fraud perpetrated by the attorney and no undue influence exercised by him over his client in making such new agreement, and the courts of this state have not hesitated to give validity to such agreements between attorney and client. Laybourn v. Bray & Schifflet (Tex. Civ. App.) 214 S. W. '630.

[5] Now as to the contention of counsel for appellant, that the jury's answer to special issue No. 1 and the undisputed evidence showed that the contract or new agreement for additional or increased compensation, upon which the judgment in this case is based, is invalid because, as they contend, no peculiar facts were alleged or proved by appellee that would take this case out of the general rule, we have reached the conclusion that counsel's contention cannot be sustained. On the contrary, it is our conclusion that appellee did allege, and adduced evidence sufficient to prove, peculiar facts which take this case out of the admittedly sound legal abstract proposition advanced by counsel. Nor can we agree with the contention of counsel for appellant that the jury's answer to special issue No. 1 conclusively established the fact, as they contend, that no misrepresentations or statements were made by Mr. Meek to appellee at the time the original contract of employment of appellee for a fee of $2,500 was entered into. It is true that the jury found, in answer to special issue No. 1, that Mr. Meek, acting for appellant, did not falsely represent to appellee as a fact, and not as Mr. Meek's opinion, in order to induce appellee to accept employment in the Lyne suit for $2,500, that there was no controversy, none that was real or actual, over the fact that much the greater part of the amount or value claimed by the plaintiffs in that suit was in or from an adjoining survey to that claimed by the plaintiffs in that suit, but it does not follow, we think, from that finding by the jury, that Mr. Meek did not recklessly make such representations, without a knowledge on his part of the true facts in that connection, or that he did not make such representations to appellee by mistake as his opinion. If such representations were made recklessly by Mr. Meek, without a knowledge of the facts in that connection, or if they were made mistakenly by him and as his opinion, and appellee, in good faith, acted upon such statements and representations by Mr. Meek, and was misled and induced thereby to accept a fee of $2,500, he believing at the time, on account of such representations by Mr. Meek, that the greater part of the value sued for by the plaintiffs in the Lyne suit was not really involved in that controversy, and that there would be no serious issue in that connection, and that there would be no serious controversy of boundary involved, as he alleged and testified, when, in

truth and in fact, there was a stubborn and determined controversy over the greater part of the value involved and the boundary question, we think that these were peculiar facts which take the case out of the general rule, and entitled appellee to be relieved against the contract so entered into by him. And if the new agreement for additional compensation between the appellee and appellant that was made at Angleton on the eve of the trial was reasonable, just, and fair to appellant, and no undue advantage was taken of him by appellee, and he was fully advised by his leading attorney, Mr. Meek, and fully understood his rights in making the new agreement, then we can see no reason for refusing to give validity to such new agreement.

[6] We cannot afford, within reasonable space, to detail the evidence which we think was sufficient to show that Mr. Ewing (appellee) understood from Mr. Meek's statements and representations to him at the time of the original employment that there would be no real or serious controversy as to the greater part of the value involved in the Lyne suit, and also that the evidence was sufficient to show that appellee, at that time, was under the impression and belief, in good faith, based upon the statements and representations of Mr. Meek, that there would be no serious controversy of boundary involved in the Lyne suit, and that, so believing, appellee fixed the original fee in that suit at $2,500, and that he would not have accepted employment for that amount had he known the true character and magnitude of the Lyne suit. In other words, we think the evidence was amply sufficient to show that, at the time the original contract between appellant and appellee was made, it was not contemplated that the Lyne suit would be as hotly contested as to values, or that there would be a serious and stubborn controversy of boundary involved. As a matter of fact, however, there was, as reflected by this record, a determined and stubborn contest and controversy throughout the trial in the Lyne suit, both as to the large value involved, as claimed by the plaintiff's petition in that suit, and as to the boundary question. It seems that the boundary question was one of the most hotly and stubbornly contested issues in the case, and, if we remember correctly the testimony of appellee in this voluminous record, more than half the time of the trial was consumed on the boundary issue. True, Mr. Meek testified that he did not represent to appellee, at the time of the original employment, that there would be no real or serious controversy as to the greater part of the value involved or as to the boundary question, but appellee testified to the contrary, and we think the evidence was amply sufficient to warrant a finding by the trial court that Mr. Meek did, either recklessly or by mistake, make such misleading representations to appellee, and that he was thereby

induced to accept employment for the fee of $2,500, when he would not otherwise have done so. This issue was not requested to be submitted to the jury for a specific finding, but the state of the evidence being such as to warrant such a finding by the trial judge, such finding will be imputed to him, and is involved in support of the judgment. Revised Statutes, art. 1985. We therefore overrule the first proposition made by appellant, as we have stated it above.

[7] Now, as to the second proposition, which is that in a suit by an attorney against his client, on a contract made after that relationship is established, the burden should be on the attorney to show that the contract is just, fair, reasonable, and supported by a consideration, and that the contract was freely made by the client, we have reached the conclusion that appellee did discharge that burden. There is no doubt of the correctness of the legal proposition. Ridge v. Healy, 251 F. 798, 164 C. C. A. 32, and authorities therein cited. The court, in that case, in discussing the point, used this language:

"A contract between attorney and client relative to compensation for services, made after the relationship has been entered into, is not per se void, but is presumptively invalid, and will be scrutinized * * * carefully by the courts whenever the transaction is called in question. Such a contract stands on the same basis as a contract between guardian and ward, or trustee and cestui que trust. * * * The burden of proof is upon the attorney to show fairness and openness in the making of the contract, and that full information and explanation was given to the client, both of the facts, so far as known to the attorney, and also of [the client's] legal rights. * * *"

While the soundness of the legal proposition is admitted, we cannot hold, upon the state of the evidence as shown by this record, that appellee did not discharge the burden that rested upon him to show that the new agreement for additional compensation was entered into under such circumstances as to give validity to it. It is true, as contended by appellant, that this agreement was entered into right upon the very eve of the trial at Angleton, but it is also true that the matter was discussed very freely and fully between appellee and appellant and Mr. Meek, appellant's leading attorney, and that appellant had the advice and counsel of his leading attorney in making the agreement, and was fully advised in that connection. Counsel for appellant did not request the court to submit to the jury an issue as to the fairness or reasonableness of the agreement, or as to whether it was freely and understandingly entered into by appellant; but the evidence would have clearly warranted a finding by the jury that the new agreement was fair, reasonable, and just to appellant, and that he entered into it freely and understanding-

ly, and therefore a finding by the trial court that the agreement was so entered into is presumed to have been made, and is involved in the judgment. Revised Statutes, art. 1985.

[8] This brings us to appellant's third proposition for reversal, as above stated. It is true that an agreement on the part of one party to perform an act which he is already under contractual obligations to perform is not a consideration in law, and therefore it will not support an agreement to pay additional compensation. It was so held in Jones v. Risley, 91 Tex. 7, 32 S. W. 1027, and in many other cases in Texas and elsewhere. We think, however, that this rule cannot be invoked for reversal of this judgment upon the peculiar facts of this case, because, we think, as we have stated, that the evidence was amply sufficient to show that the original contract between appellant and appellee was induced by mistake on appellee's part. In other words, the evidence was sufficient to show, as we have stated, that at the time of the original contract of employment there were unknown and unforeseen difficulties and burdens involved in the trial of the Lyne suit, much greater and more onerous than were contemplated by appellee at the time of such agreement; and the evidence having sufficiently shown that in making the new agreement for additional compensation no undue advantage was taken or influence exercised by appellee over appellant, but that, on the contrary, the agreement was reasonable, just, and fair to appellant, and that he made it understandingly and with the advice and consent of his leading attorney, and that appellee was asserting in good faith his right, or supposed right, to increased compensation for his services, and the new agreement having been reached under these circumstances surrounding the parties, it must be held that there was a sufficient legal consideration for the new agreement for increased compensation. Camoron v. Thurmond, 56 Tex. 34; Missouri, K. & T. R. Co. v. Edwards (Tex. Civ. App.) 176 S. W. 60; Ridge v. Healy, supra. We therefore have concluded that appellant's contention that the new agreement was invalid for lack of a legal consideration cannot be sustained.

[9] By a number of propositions, commencing with the sixth and concluding with the seventeenth, it is contended that the court committed error in admitting certain evidence over appellant's objection before the jury. Some of these claim that the court was in error in permitting appellee to introduce in evidence, over appellant's objection, two letters that were written by appellee to Mr. Meek, the leading attorney for appellant, after the trial of the Lyne suit had been had and the appeal therefrom had been prosecuted to the Galveston Court of Civil Appeals. One of these letters was written on the 7th of October, 1921, and the other on the

12th of December, 1921. The objection to the admissibility was, in substance, that they were self-serving, hearsay, etc. We have examined the record carefully as to the contents of these letters, and have concluded that they were both relevant and admissible. It is clear from the answer of appellant in this suit, as we have quoted it, that appellee's good faith and motives in insisting on increased compensation were impugned, and it was also alleged by appellant, as we have shown, that appellee had refused and declined to render appellate services, as he had bound himself to do by the new agreement for the additional $2,500. These letters tend to refute both such contentions made by appellant, and we therefore hold that no error was committed by the trial court in permitting their introduction.

By some of such propositions, it is asserted that the court was in error in permitting appellee to ask certain hypothetical questions. These questions were propounded to practicing attorneys, who were witnesses in the case, and the evidence bore on the first count of appellee's petition, which was for quantum meruit. The questions are very lengthy and embrace largely the services performed by appellee as attorney for appellant in the Lyne suit. The objections were, in substance, that the hypothetical questions were unfair and argumentative. We think that neither objection should be sustained, and they are overruled.

[10, 11] Another one of the propositions asserts that the court was in error in permitting appellee to introduce in evidence an entry in one of the books kept by him in his office as attorney. This entry showed, in substance, that on February 21, 1921, appellee received cash from appellant amounting to $1,250, and gave credit to appellant therefor, with the further statement in that connection from the record book that the balance of appellee's fee would be paid after the Lyne suit was finally disposed of by the appellate courts, and also that its payment was to be contingent upon a successful termination for appellant here. It was shown that the book from which this entry was read was regularly and correctly kept by appellant in his office as an attorney and counselor at law, and that the entry was made in the regular course of his business as a practicing attorney, and as one of his office records. We think there was no error in the court's admitting this entry in evidence, but, if there was such, we think it is clear from this record that its introduction could not in the least have prejudiced appellant's rights before the jury or court.

[12-15] By the eighteenth and nineteenth propositions, it is asserted, in substance, that the trial court should have peremptorily instructed a verdict for appellant in this case, and failing in which, judgment should have

been rendered in appellant's favor upon the jury's verdict as returned. These contentions advanced the theory entertained by counsel for appellant that the appellee, by seeking, as he did in his petition in the first count, to recover on quantum meruit, and by taking that issue along with the other to the jury, appellee thereby elected his remedy, which was for quantum meruit, and not upon the express verbal contract, and that, having elected, he could not have judgment on the contract as was done. It will be sufficient to say, in disposing of these contentions, that they relate to no assignment of error upon the trial. Therefore this court might dispose of both of these propositions without further remarks. It is the law of this state, however, that a plaintiff may let his petition contain as many counts setting forth different causes of action as he deems proper, and these different counts may be inconsistent one with another, but, just so long as each is consistent within itself, it is not objectionable, and the plaintiff does not thereby elect upon any particular one, but ordinarily may go to the court or jury upon all of them, unless he desires to elect upon some one or more, or unless by reason of the peculiar facts of the case he should be required to elect, and his adversary took advantage of that right. In this case, there was no request to have the appellee elect, and no objection by appellant that he had not done so. The matter does not present fundamental error, and we think presents no error at all.

This disposes of all contentions advanced by appellant for reversal, and it follows that this court is of the opinion that the judgment must be affirmed, and it has been so ordered.