## VALDEZ v. O'CONNOR et al. (No. 8215.)

Court of Civil Appeals of Texas.   San Antonio.
May 15, 1929.

836

Pope, Pope, Valdez & Pope, of Laredo, for appellant. ·

M. J. Raymond, of Laredo, for appellees.

SMITH, J. This action was originally brought by O'Connor Bros., a partnership, against H. F. Valdez, Sr., in the form of a suit upon open account. It developed, however, through supplemental petitions of the plaintiffs and the answers of the defendant, as well as from the evidence upon the trial, that the cause of action was founded wholly upon an oral building contract, and not upon open account as contemplated in the procedure statutes. For, while in their original petition the plaintiffs alleged that at the special instance and request of the defendant they sold and delivered to the latter the several items set out in the itemized account annexed to the petition, and that the prices stated in the account were reasonable, yet in their supplemental petitions it is alleged that the items in controversy, consisting of labor, material, drayage, and the like, were furnished by the plaintiffs under the terms of an oral contract with the defendant to furnish at their own expense the material and labor and install certain tile floor work in the defendant's building, in consideration of an agreed lump sum for the completed jobs, to wit, $1,200 for the "stone job" and $2,000 for the "tile job"; that extras were put in the stone job, at the defendant's request, amounting to $108, and in the tiling job amounting to $700, whereby the total contract consideration aggregated $4,399.26, of which amount $2,000 had been paid to the plaintiffs, who sought recovery for the balance, $2,399.26.

The defendant answered by verified denial as if the suit was in fact upon open account, but specially answered that the plaintiffs did the work upon a contract to furnish all the labor and materials, at their expense, and install the improvements for a lump sum of $2,000, which had been paid; that during the course of the work it became necessary to put in extras at an additional cost of $458.72, and that this was done under a supplemental contract for that purpose; that the plaintiffs in said contracts obligated themselves to complete the work in "a good, workmanlike manner, and of good, smooth and even finish," but had not done so, and that by reason of this breach of the contract on the part of the plaintiffs the defendant had been damaged in the sum of $1,500, for which he prayed recovery by way of cross-action. Upon a trial without a jury the plaintiffs, O'Connors, recovered judgment against Valdez for $2,399.26 less $100 deducted "for the purpose of repairing the small defects that now exist" in the work done by the O'Connors. Valdez has appealed.

The trial court based said judgment upon the following findings of fact:

"(a) That on or about October 12, 1927, a contract was entered into between plaintiffs and defendant for the construction of stone work and tile floor at what is known as the Valdez Building at the corner of Hidalgo Street and Convent Avenue in the City of Laredo, Webb County, Texas.

"(b) That the contract price was $1200.00 for the stone job and $2000.00 for the tile floor job.

"(c) That thereafter and before the construction of said work began, additional stone work and tile flooring was agreed upon, amounting to 9% additional stone work and 35% additional for tile floor. That the additional stone work amounted to $108.00 and the tile floor to $700.00.

"(d) That during the construction of said work additional materials were ordered from plaintiffs to the amount of $391.26.

"(e) That said stone work and tile floor were performed in good workmanlike manner by plaintiffs.

"(f) That the sum of One Hundred Dollars should be deducted from plaintiffs' claim for the purpose of repairing the small defects that now exist.

"(g) The Court further finds that the defendant should take nothing by his cross action against the plaintiff. It is therefore accordingly so ordered and adjudged."

The evidence was sufficient to support these findings, of which no complaint is made by appellant.

It will be readily seen from the foregoing that the cause of action was in no sense upon open account, but upon contracts. Appellant, however, took no exception to the form of the action, which was precariously transformed in the course of numerous subsequent pleadings into a suit upon contract.

■ It appears that appellant presented his first application for continuance at the beginning of the trial, based upon the absence of a witness, alleged in the application to be too ill to attend as a witness. The court

overruled the application, and appellant excepted. It was asserted in the application that if present the witness would have testified that when appellees began laying the tiling called for in the contract appellant "demonstrated and objected to the work and said that the work was not being done in accordance with the contract and understanding that this defendant had with the plaintiffs, and said witness heard this defendant tell plaintiffs that he did not want them to go further with the work, that it was not in accordance with the contract and was not a first class job, and was not being laid in any workmanlike manner. That said witness heard said plaintiffs say to this defendant 'Mr. Valdez, let us go along with the work; we know that at the end we will have the work and tile laid in a workmanlike manner satisfactory to you and in accordance with the agreement and contract made to put it in, and if when the work is finished it does not appear to be in a workmanlike manner and satisfactory to you, we will relay the tiling, to assure you that we are going to abide by our contract and will give you a first class job and in all things in a workmanlike manner.'" It will be observed that it was not contended that the absent witness would testify that the work was not done or being done in a proper manner, or that the materials being used were defective or inferior, but that he would testify, simply, that appellant objected to the character of the work, and that appellees assured appellant that when completed the work done and materials used would be made satisfactory to appellant, and in compliance with the contract. We fail to see the importance or vital materiality of the testimony, the ultimate effect of which is that the work was not satisfactory to appellant, and that appellees promised that it would be done properly. It is conceded that the work was not satisfactory to appellant, and that appellees were bound by the contract to furnish appropriate materials and install them in a workmanlike manner, and the proposed testimony of the absent witness could not have affected those issues. If it had been shown that the witness would have testified that the materials were defective or inferior, or that they were not installed properly, the question of the sufficiency of appellant's application might have been different. For this and probably other reasons not necessary to discuss, it does not affirmatively appear that the trial judge abused his discretion in refusing a continuance, and appellant's first proposition is accordingly overruled.

■■ In the course of the direct examination of one of appellees' witnesses, counsel asked the witness certain questions, to which appellant objected, after the witness had answered the questions, upon the ground that they were leading. The court overruled the objection, saying: "If you sue on an account all a man needs to say is that it is correct and that puts it up to the other side to point out anything he is dissatisfied with, which is universally the case." To this remark of the trial judge appellant excepted, but the bill of exception showing this transaction does not disclose appellant's ground of objection or exception to the court's observation, and appellant's second proposition of law, predicated upon this bill of exception, presents nothing for review. There was no motion to strike the answers of the witness to the questions, which were clearly leading, and which were answered before any objection was made. In that situation appellant's remedy lay in a motion to strike, and failing to make that motion he waived his right to complain. So also did appellant waive his right to complain of the remarks of the court by not stating the grounds of his objection thereto. The second proposition must be overruled.

In his third proposition and assignment of error appellant complains of certain leading questions propounded to one of their witnesses by appellees. It appears from the bill of exceptions upon which the assignment is predicated that appellees' counsel asked two certain questions of the witness, and that the witness answered both questions, which were obviously leading in their nature. Appellant, however, did not object to the questions at the time they were asked nor until after the witness answered them. Nor did appellant move to strike the answers; he simply objected to the questions and answers after they had gone to the jury without objection. By this process he waived his objections, and was relegated to a motion to strike, which he failed to make. The assignment therefore presents no error, and must be overruled.

■ In his fourth assignment and proposition appellant complains of the admission of the testimony of appellees' foreman in charge of the work in question that, "We are always accustomed to select the best men for their experience in laying down floors, specially laying down tile floors." This testimony was seasonably objected to by appellant, upon the ground that it was but an opinion of the witness. The testimony was subject to the objection made, but we cannot conceive that its admission was harmful. The case was tried by the court and not by a jury, and the court no doubt rejected the boast as being of no value in determining the true facts of the case. The assignment is overruled. The matter presented in the fifth assignment is overruled as being without importance in the appeal. For a like reason the sixth assignment is overruled, and the remaining proposition will be overruled as being without merit.

The findings of the trial court are clear and decisive, are supported by the pleadings and evidence, and support the judgment, and, no material error being presented in the appeal, the judgment must be affirmed.