## FLUITT v. EMPLOYERS MUT. LIABILITY INS. CO. OF WISCONSIN.

No. 12300.

Court of Civil Appeals of Texas. San Antonio.

Sept. 5, 1951.

Rehearing Denied Oct. 3, 1951.

G. Woodson Morris, San Antonio, for appellant.

Harold K. Stanard, Birkhead, Beckmann, Stanard, Vance & Wood, and Hugh P. Shovlin, all of San Antonio, for appellee.

POPE, Justice.

This is a workman's compensation case in which the plaintiff obtained a jury verdict for twenty weeks total incapacity and fifty weeks partial incapacity for loss of the use of his right leg. The plaintiff in this appeal urges that the trial court erred in three rulings on the evidence. The court would not permit the non-expert party plaintiff to state whether he thought he would be able to do any work in the future, refused to permit a medical doctor to testify that plaintiff's disability involved his whole body, and permitted a medical doctor to testify that the injury resulted from an unpleaded pre-existing congenital weakness.

The plaintiff, while lifting a heavy pole in the course of his work with the Karnes Electric Cooperative, dislocated his kneecap. He was hospitalized and treated by an orthopedist and other doctors, and an operation was performed in order to stabilize the kneecap and to prevent its dislocation. The operation was described by

the medical experts as one in which an incision was made to move the patella tendon from the tibia tubercle, along with a small part of the bone and then re-attached downwardly and medially to the tibia, at a point where a small amount of bone was dissected or roughened in order to promote growth of the transplant. The object of the operation was to stabilize the kneecap and to prevent it from dislocating outwardly.

In each instance complained of, the evidence which was either excluded or admitted was cumulative of like testimony. Two medical experts testified concerning the plaintiff's estimated future incapacity and it is shown that the answer which the plaintiff would have given to the inquiry whether he thought he could work in the future was, "No, sir, I don't think I could." Considered along with the expert testimony of the same nature and effect, which was admitted, we think there is no showing of harm in excluding the testimony of the non-expert party. Kroll v. Scott, Tex.Civ. App., 155 S.W.2d 985; Cobb v. Texas & N. O. R. Co., Tex.Civ.App., 107 S.W.2d 670; Port City Lumber Company v. Wade, Tex.Civ.App., 16 S.W.2d 429; Davey v. Coleman, Tex.Civ.App., 6 S.W.2d 227; 3B Tex.Jur., Appeal and Error, § 1042.

The court in refusing to permit the medical expert to testify that the plaintiff's disability affected the plaintiff's whole body again excluded evidence that was cumulative. The same medical expert testified six other times to the identical matter. We see no harm in refusing to permit him to say it again.

Defendant did not plead that plaintiff's physical condition was occasioned by a predisposing congenital weakness of the knee, but in fact admitted in its pleadings and on trial that the plaintiff received an accidental injury. The defendant asked a medical witness what was indicated when a knee injury occurred such as that suffered by the plaintiff, when caused in the manner this one was caused. The witness answered that the condition was usually thought of as being a congenital weakness. This answer was followed by an objection but no

motion to strike. City of Dallas v. Milum, Tex.Civ.App., 200 S.W.2d 833; S. H. Kress & Co. v. Brashier, Tex.Civ.App., 50 S.W. 2d 922; Valdez v. O'Connor, Tex.Civ.App., 17 S.W.2d 835. However, we do not rest our decision on the failure to move that the answer be stricken. The evidence was harmless since it too was cumulative of other like testimony of another medical expert which is not here assigned as error. No reversible error is shown.

The judgment is affirmed.